UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

NK, PPA CHERRY KELLY, ET AL,

        Plaintiffs,

v.

MARQUIS MORRISON, ET AL,

        Defendants.

3:11-cv-01977 (CSH)

### RULING DIRECTING BRIEFING ON JURISDICTIONAL QUESTION

**HAIGHT, Senior District Judge:**

This action is brought by Plaintiff "NK," a minor child, and by Plaintiff Cherry Kelly, NK's mother.

According to the Amended Complaint [Doc. 24], the operative pleading, during the evening hours of April 30, 2010 NK, having just left a public school-sponsored dance in the City of New Haven, was walking across the street at the intersection of Sherman Avenue and North Frontage Road in New Haven. [Doc. 24] at ¶ 6.  While so engaged, NK was struck and seriously injured by a motorcycle being driven by Defendant Marquis Morrison, a New Haven police officer.  *Id.* at ¶¶ 9, 11.  At that time, Morrison was riding his motorcycle "at a high rate of speed, and was engaging in racing his motorcycle with a civilian, Troy Winfrey, who was in turn racing on a motorcycle." *Id.* at ¶ 7.  Winfrey is also named as a defendant in the action.  ¶ 8 of the Amended Complaint alleges that police officer Morrison "encouraged and participated in a joint venture with said civilian of unsafe, unreasonable competitive motorcycle racing on a public highway and said defendant also failed to prevent or restrain said civilian Troy Winfrey from

1

engaging in said dangerous and unlawful racing." ¶ 9 alleges that Defendant police officer Morrison "intentionally struck the minor plaintiff with his motorcycle while she was walking across the said street," and then officer Morrison "failed to stop and failed to notify anyone of the collision. Said defendant immediately left the collision scene without ever stopping or without rendering assistance to the minor plaintiff." The conclusory allegation that Morrison struck NK "*intentionally*" is somewhat at odds with the "Claims of Plaintiffs" listed in the Fed. R. Civ. P. 26(f) Report [Doc. 35], which states Plaintiffs' claims in pertinent part as: "*Negligence* in operation of motor vehicles (motorcycles) by Troy Winfrey and Marquis Morrison." [Doc. 35] III.A. at 3 (emphasis added). Moreover, Count Two of the Amended Complaint alleges that the collision "was due to the negligence and carelessness of the defendant Marquis Morrison" in several specified ways. [Doc. 24] at ¶ 5.

In order to recover damages resulting from NK's injuries, the Plaintiffs sue Morrison and Winfrey, the racing motorcyclists; the City of New Haven; the New Haven Board of Education; and various individuals who are officers or employees of one or the other of those entities. The Amended Complaint contains fifteen counts. Count One is solely against Defendant police officer Morrison. Counts Two through Fifteen name various Defendants on various theories of recovery. It is necessary to focus upon Count One because that is the only Count alleged to fall within the subject matter jurisdiction of this federal district court. Thus Count One, ¶ 2 asserts: "Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3)[1] and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code." By way

---

[1] The Court assumes that Plaintiffs intended Section 1343(3) to mean 1343(a)(3), and accordingly construes the above-quoted section of Plaintiffs' Amended Complaint to allege jurisdiction under such.

of contrast, in each of Counts Two through Fifteen the only jurisdictional allegation is: "Jurisdiction of this Court is invoked under Title 28, Section 1367(a) of the United States Code." Section 1367(a) provides that federal district courts having "original jurisdiction" over a claim shall have "supplemental jurisdiction over" state law claims sufficiently related to the federal claim "within such original jurisdiction" so that they "form part of the same case or controversy...." 28 U.S.C. §1367(a).  Section 1367(c) provides that the federal district courts "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) and (c)(3).  It is routinely held that where a district court dismisses in advance of trial the only federal claim pleaded in a complaint, the court declines to exercise supplemental jurisdiction over accompanying state law claims.

These considerations arise in the case at bar because, by this Ruling, the Court raises *sua sponte* the question whether Count One of the Amended Complaint against Morrison (the only purportedly federal claim) states a cognizable claim under the cited federal statutes.  The alleged conduct of New Haven police officer Morrison is reprehensible in the extreme, and the resulting injuries suffered by NK, an innocent child, are tragic in their extent.  But the case requires the Court to consider whether this Defendant's wrongdoing, unquestionably actionable under the law of torts (Connecticut and common law), is addressed by the United States Constitution, made applicable to federal district court civil litigation by 42 U.S.C. § 1983.  The federal district courts are courts of limited subject matter jurisdiction, and district judges are under a continuing duty to determine *sua sponte* whether a particular case falls within that jurisdiction.  In that analysis, it matters not that all parties or their counsel may agree that federal subject matter jurisdiction

3

exists; parties cannot by their agreement confer jurisdiction upon a district court where jurisdiction is not derived from governing law.

Plaintiffs' present assertion of federal jurisdiction depends principally upon 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

As noted, Count One of the Amended Complaint also pleads as jurisdictional bases for that claim 28 U.S.C. §§ 1331, 1343(a)(3)[2] and 1367(a). Section 1331 provides that the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1343(a)(3) confers original jurisdiction upon the district courts of any civil action by any person to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3).

These statutory grants to the district courts of subject matter jurisdiction require that to fall within a district court's "original jurisdiction," a plaintiff must sufficiently allege a claim "arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331; or the deprivation of a plaintiff's right "secured by the Constitution and laws of the United States" by

---

[2] See n.1, *supra*.

someone acting "under color of" state law, 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. A plaintiff, such as the Plaintiffs at bar, who alleges one of these bases for federal original jurisdiction bears the burden of persuasion that the claim or injury sued upon falls within one of these carefully drawn boundaries of federal jurisdiction. In this case, the Court raises the question *sua sponte* whether Count One pleads such a federal claim, given that the Supreme Court has held or suggested in a number of cases that not all claims cognizable under state or common law of torts are cognizable under these federal jurisdictional statutes. Citations to and quotations from some of those cases follow:

> *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998):
>
>> Thus, we have made it clear that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm.... [T]he Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States.... Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society.

(citations and internal quotation marks omitted).

> *Daniels v. Williams*, 474 U.S. 327, 333 (1986):
>
>> Where a government official's act causing injury to life, liberty or property is merely negligent, no procedure for compensation is *constitutionally* required.
>>
>> That injuries inflicted by governmental negligence are not addressed by the United States Constitution is not to say that they may not raise significant concerns and lead to the creation of protectible legal interests. The enactment of tort claim statutes, for example, reflects the view that injuries caused by such negligence should generally be redressed. It is no reflection on either the breadth of the United States Constitution or the importance of

>   traditional tort law to say that they do not address the same concerns.

(citations, internal quotation marks, and footnote omitted).

>   *Baker v. McCollan*, 443 U.S. 137, 146-147 (1979):
>
>>   Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law....
>>
>>   Having been deprived of no rights secured under the United States Constitution, respondent had no claim cognizable under § 1983.
>
>   *Paul v. Davis*, 424 U.S. 693, 699-701 (1976):
>
>>   The result reached by the Court of Appeals, which respondent seeks to sustain here, must be bottomed on one of two premises. The first is that the Due Process Clause of the Fourteenth Amendment and [§ 1983] make actionable many wrongs inflicted by government employees which had heretofore been thought to give rise only to state-law tort claims....
>>
>>   The first premise would be contrary to pronouncements in our cases on more than one occasion with respect to the scope of [§ 1983] and of the Fourteenth Amendment....
>>
>>   Respondent, however, has pointed to no specific constitutional guarantees safeguarding the interest he asserts has been invaded. Rather, he apparently believes that the Fourteenth Amendment's Due Process Clause should *ex proprio vigore* extend to him a right to be free of injury wherever the State may be characterized as the tortfeasor. But such a reading would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States. We have noted the 'constitutional shoals' that confront any attempt to derive from congressional civil rights statutes a body of general tort law; *a fortiori*, the procedural guarantees of the Due Process Clause cannot be the source for such law.
>
>   (citations omitted; emphasis in part in original and in part added).

Whether a particular claim is cognizable under § 1983 is to a large measure fact-specific.

I have not recited the facts in the Supreme Court cases I have quoted because my purpose in this Ruling is to raise the question of federal subject matter jurisdiction in this case, not answer it. That question arises because it appears that Defendant Morrison, while undisputably a member of the New Haven Police Department at the pertinent time and thus a state official, was engaged upon a private personal venture – a motorcycle race with a civilian – which had nothing to do with his official duties.  Plaintiffs allege in the Amended Complaint that Morrison struck NK with his motorcycle "intentionally," but there are no allegations in the pleading from which that deplorable *scienter* can be inferred, and Plaintiffs' counsel may be closer to the mark when Plaintiffs claim in the Rule 26(f) Report that Morrison's conduct was "negligent."  Plainly, Morrison's conduct as alleged is actionable under Connecticut and common law principles of tort law.  The question raised by the Court is whether it is actionable under the United States Constitution, as implemented in civil actions by § 1983 and other federal jurisdictional statutes.  I consider that the language the Supreme Court used in the cited cases makes this a question of substance (without intimating any view as to how the Court will resolve it).

It is incumbent upon the trial judge and all trial counsel to resolve this question expeditiously.  Circuit courts of appeal are entirely capable of raising the question of jurisdiction *sua sponte* and dismissing an action for lack of jurisdiction in the district court, even where the case had been tried to a final judgment by trial attorneys before a trial judge who all missed the question.

In these circumstances, counsel for Plaintiffs and counsel for all Defendants are directed to exchange and file simultaneously briefs addressing the question of subject matter jurisdiction *vel non* with respect to Count One of the Amended Complaint.  It is incumbent upon counsel for

Plaintiffs to specify which constitutional or federal-law interest(s) Defendant Morrison is alleged to have violated, and to demonstrate, with citation to relevant authority, why that claim falls within federal subject matter jurisdiction.

The situation is somewhat unusual; no party is making or opposing a motion for relief. The attorneys in this case, all members of the Bar and officers of the Court, should regard themselves in large measure as *amici curiae*, using their professionalism and experience to assist the Court in resolving a core question presented by the case.  **These briefs must be filed not later than Tuesday, February 4, 2014,** unless the Court extends that time for good cause shown.  The Court will call the case for oral argument if that is considered useful, in which event Chambers will communicate with counsel.

It is SO ORDERED.


Dated: New Haven, Connecticut
January 14, 2014

/s/ *Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge