## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

NK, PPA CHERRY KELLY, ET AL.,

               Plaintiffs,

   v.

MARQUIS MORRISON, ET AL.,

               Defendants.

3:11-cv-01977 (CSH)

## ORDER DIRECTING BRIEFING ON JURISDICTIONAL QUESTION

**HAIGHT, Senior District Judge:**

In a prior Ruling [Doc. 48], familiarity with which is assumed, the Court raised *sua sponte* "the question whether Count One of the Amended Complaint against [Defendant] Morrison (the only purportedly federal claim) states a cognizable claim under the cited federal statutes." [Doc. 48] at 3.   Morrison was a New Haven police officer at the time of relevant events.  Counsel for the parties were directed to file briefs with respect to that Count, specifying "which constitutional or federal-law interest(s) Defendant Morrison is alleged to have violated, and to demonstrate, with citation to relevant authority, why that claim falls within federal subject matter jurisdiction."  *Id*. at 8.

Counsel for Defendant Troy Winfrey filed a brief, [Doc. 52], which cited authorities and concluded at 4 that "the plaintiff has failed to set forth a colorable claim under 42 U.S.C. § 1983 and therefore, this Court lacks subject matter jurisdiction."

Counsel for Defendants City of New Haven, Reginald Mayo, New Haven Board of Education, Michael Crocco and Yolanda Jones-Generette filed a brief, [Doc. 54], which cited

authorities and concluded at 6 that the allegations in Count One "do not suffice to give this Court jurisdiction over the claims set forth in that count.  What is alleged in that Count are intentional torts under state law and not a federal claim ...  In answer to the Court's question, there is not federal jurisdiction."

Defendant Marquis Morrison, appearing *pro se*, is not represented by counsel and made no response to the Court's direction.

Counsel for Plaintiffs filed a self-styled "First Request for Extension of Time in Which to File Brief pursuant to Ruling Directing Briefing on Jurisdictional Question." [Doc. 49].  That submission, while citing authorities, requested an extension of 60 days "in which to submit a brief pursuant to" the Court's Ruling, [Doc. 48].  Plaintiffs supported that request by contending that "[s]ince claims under [42 U.S.C. § 1983] often turn on their facts, plaintiffs need to take the deposition of defendant Morrison." [Doc. 49] at 4.  Plaintiffs also expressed the need to depose another New Haven Police Officer, Nikki Curry, who has asserted knowledge of Morrison's reckless practices with his motorcycle.  Lastly, Plaintiffs' counsel expressed the need to examine the Police Department's "internal affairs and general investigation files of this matter."  *Id.*  It would seem that Plaintiffs have already obtained some degree of access to such files, as their First Request for Extension of Time in Which to File Brief pursuant to Ruling Directing Briefing on Jurisdictional Question contains references, with respect to Morrison, to "List of Charges in Support of Employment Termination Hearing dated 8/9/2010, signed by Chief of Police Frank Limon," and "Arrest Warrant Application."  *Id.* at 3.

In these circumstances, Plaintiffs say through counsel that they are "presently unable to more fully develop in an evidentiary manner the claim that Officer Morrison was acting under the

2

color of law rather than as a private person." *Id.* at 4.  Accordingly, Plaintiffs conclude, "it would be premature to rule on the jurisdictional issue, particularly as the inquiry is fact specific, and there is no bright line test for distinguishing personal pursuits from activities taken under color of law." *Id.* at 5 (citation and internal quotation marks omitted).

The question that arises is whether counsel are truly unable to address the jurisdictional issue posed by the Court until the suggested discovery has been accomplished.  Without intimating any present view on the resolution of that issue, I hold the view that discovery should not take place in a case where it is apparent on the previously existing record that the Court lacks subject matter jurisdiction, and there is no reason to think that the suggested discovery would alter that conclusion.

The jurisdictional issue springs principally from the factual allegations in Count One of the Amended Complaint, [Doc. 1], that being the only Count purporting to state a federal claim under 42 U.S.C. § 1983.

¶ 4 alleges that at the pertinent times, defendant Marquis Morrison was an officer in the New Haven, Connecticut Police Department, sued "only in his individual capacity."

¶ 5 alleges that  "[d]uring all times herein mentioned," Morrison "was acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut."  When a district court is required to assess the sufficiency or viability of a claim as pleaded in a complaint, the court must accept the factual allegations of the complaint as true, but it is not required to accept as true a legal conclusion couched as a factual allegation.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That rule is frequently stated in the context of a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) for failure to state a

claim, but is equally applicable to the case at bar, where the Court must decide whether Count

One sufficiently alleges a federal claim.  The allegation in ¶ 5 – that Morrison was "acting under

color of [state] law" – while fact-intensive, is itself a legal conclusion which the Court is not

required to accept for the present analysis.

The core factual allegations appear in ¶¶ 6, 7, 8 and 9 of the Complaint.  ¶ 6 alleges that

during the evening of April 30, 2010, the minor plaintiff N.K. was walking across the street at the

intersection of Sherman Avenue and North Frontage Road in New Haven.  Count One then

alleges:

> 7.  At said date, time, place and location, the defendant City of
> New Haven Police Officer Marquis Morrison was riding a
> motorcycle at a high rate of speed, and was engaging in racing his
> said motorcycle with a civilian, Troy Winfrey, who was in turn
> racing on a motorcycle.
>
> 8.  At said date, time, place and location, the defendant City of
> New Haven Police Officer Marquis Morrison encouraged and
> participated in a joint venture with said civilian of unsafe,
> unreasonable competitive motorcycle racing on a public highway
> and said defendant also failed to prevent or restrain said civilian
> Troy Winfrey from engaging in said dangerous and unlawful
> racing.
>
> 9.  As a result of said conduct, the defendant City of New Haven
> Police Officer Marquis Morrison intentionally struck the minor
> plaintiff with his motorcycle while she was walking across the said
> street, and then said defendant City of New Haven Police Officer
> Marquis Morrison failed to stop and failed to notify anyone of the
> collision.  Said defendant immediately left the collision scene
> without ever stopping or without ever rendering assistance to the
> minor plaintiff.

¶ 10 alleges that this conduct on the part of Morrison "was shocking to the conscience and

thereby deprived the minor plaintiff of her right to substantive due process of law, a right

4

guaranteed by the Fourteenth Amendment to the United States Constitution...."

Morrison's conduct, as alleged by Plaintiffs in their complaint (and denied by Morrison in his answer), is totally reprehensible.  It shocks any civilized conscience.  But the jurisdictional question asks whether these were acts under color of state law, or were private acts.  If the latter, Morrison's alleged conduct, however dreadful or depraved, falls outside federal jurisdiction.

To enable the parties to argue this question fully, and the Court to decide it, I will assume that the discovery Plaintiffs say they need would produce the evidence Plaintiffs appear to anticipate.  Specifically, I will assume that depositions of Morrison and Officer Curry, and a further examination by Plaintiffs of the Police Department internal files concerning Morrison and this incident, would produce evidence tending to support each fact Plaintiffs say in [Doc. 49] pages 1-4 will be established by such discovery.  I will also assume, without deciding, that such evidence would be admissible at a trial.

The factual assertions Plaintiffs describe in [Doc. 49] include:

* Morrison's action in striking the minor plaintiff with his motorcycle occurred with "Morrison driving his vehicle at a group of pedestrians crossing the street in order to scare them." [Doc. 49] at 1.

* Morrison and Winfrey, both on motorcycles,  encouraged each other to speed dangerously.  *Id.* at 2.

* Morrison's superiors at the New Haven Police Department training academy knew that Morrison "was unlawfully riding his motorcycle to training class on a regular basis, and he was spoken to about it"; Morrison did not have a motorcycle operator's license, required insurance coverage or required registration.  *Id*. at 3.

5

* About a month before the incident in suit, Police Officer Nikki Curry saw Morrison on his same motorcycle "'doing wheelies' on the very same road where the subject collision events occurred." *Id*.

* The New Haven Police Department "knew of Morrison's continued motorcycle speeding and wheelies on North Frontage Road and habitually ignored same." *Id.* at 3-4.

* "[W]hile engaging in his motorcycle speeding with others, Morrison was relying on his position to 'validate' what he was doing and to convey to others that as a police officer he was cloaked with immunity with regard to these activities." *Id*. at 4.

One or more of the Defendants, or all of them, may challenge the accuracy of some or all of these factual assertions. The procedure for further briefing the Court directs in this Order will not result in any findings of fact. Rather, the procedure is intended to place Plaintiffs' counsel in a position where they can brief one of the two  governing  issues  –  color of state law, or private action? – against as favorable a factual background as the circumstances might eventually allow.[1]

Counsel for Plaintiffs, and counsel for the Defendants as well, are directed to file simultaneously briefs addressing that issue on or before Friday, May 23, 2014. If so advised, counsel may file reply briefs on or before Friday,  June 6, 2014. If the Court desires oral argument, counsel will be advised.

---

[1] I say "one of the two governing issues" because, as Judge Kravitz noted in *Servin v. Anderson*, No. 3:11-cv-00539, 2012 WL 171330 (D. Conn. Jan. 20, 2012), at *2: "In order to state a claim under ¶ 1983, a plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or federal law. Here, the analysis breaks down into two inquiries: whether the officers were acting under color of state law and whether their actions deprived [the plaintiff] of a right secured by the Constitution or federal law." The further briefing directed by this Court in this Order in the case at bar addresses only the first of these two inquiries. The second inquiry is also open.

While the Court leaves it to counsel to conduct their research and structure their arguments, I call to their attention two thorough and thoughtful decisions by Judges of this Court: *Servin v. Anderson*, No. 3:11-cv-00539, 2012 WL 171330 (D. Conn. Jan. 20, 2012) (Kravitz, *J.*), and *Doe v. Waraksa*, No. 3:06-cv-01262, 2013 WL 597800 (D. Conn. Feb. 13, 2013) (Bryant*, J.*).  In *Servin*, Judge Kravitz said at *3: "The relevant question in determining whether an action was taken under color of law is not whether the action was part of the defendant's official duties but, rather, whether the action was made possible only because the wrongdoer is clothed with the authority of ... law." (citation and internal grammatical and quotation marks omitted).  In *Doe*, Judge Bryant said at *7, *9: "If the officer was not acting with actual or pretended authority, he was not acting under color of law, and his actions were not state actions ... [T]he color of law requirement cannot be satisfied in the absence of any affirmative act by a defendant to assert his authority under state law." (citations and internal quotation marks omitted).

Lastly, there are several pending motions in the case.  They relate principally to discovery matters.  Given the present posture of the case, resulting from the Court's *sua sponte* inquiry into subject matter jurisdiction, the sensible course is to deny these motions for the most part ***without prejudice to renewal***.  The meaning of the emphasized phrase is that the motion in question can be renewed if the Court retains jurisdiction.

The pending motions are resolved as follows:

[Doc. 41].  City of New Haven Defendants' motion to quash subpoenas and for protective order is DENIED, WITHOUT PREJUDICE TO RENEWAL.

[Doc. 49].  Plaintiffs' motion for extension of time to respond to Court's Order [Doc. 48] is GRANTED.  Counsel are directed to proceed in a manner consistent with this Order.

7

[Doc. 50].  Plaintiffs' motion to take deposition of Marquis Morrison at this time is

DENIED, WITHOUT PREJUDICE TO RENEWAL.

[Doc. 51].  Plaintiffs' motion to take deposition of Nikki Curry at this time is DENIED,

WITHOUT PREJUDICE TO RENEWAL.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
May 1, 2014


/s/ Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge